## CARLISLE *v.* TENBROOK ET AL.

PARTNERSHIP. — *Contract.—Losses.— Action for Accounting.—Instruction to Jury.*—A. and B. entered into partnership for manufacturing purposes, under an agreement that the former should furnish all capital necessary for the purchase of machinery and material, and for carrying on the partnership business; that the latter should superintend the business; and that all losses should "be borne equally by them." A. purchased certain real estate, taking the title in himself, and erected thereon the necessary buildings and machinery, at his own expense. The machinery having been damaged by fire, and B. having sued A for an accounting, the court instructed the jury that B. should share equally with A. in such loss.
*Held*, that the instruction was not erroneous.

From the Parke Circuit Court.

*T. N. Rice, J. T. Johnston* and *A. F. White*, for appellant.

*S. F. Maxwell, S. D. Puett* and *D. H. Maxwell*, for appellees.

WORDEN, J.—The parties to this action entered into the following agreement:

"We, William Tenbrook, W. S. Magill and James Carlisle, have this day entered into copartnership, for the purpose of manufacturing staves and heading, in the town of Rockville, Indiana, under the firm name of William Tenbrook & Company. William Tenbrook and W. S. Magill shall furnish the capital to purchase and put up the machinery, purchase material, and generally to conduct the business. It shall be the duty of James Carlisle to superintend the business, purchase timber, have it delivered in the yard in proper order and in sufficient quantities to keep the machinery running, to employ hands, and superintend, in person, the running of the machinery, and exercise general supervision over all the work pertaining to the business. W. S. Magill shall keep all the accounts, receive all moneys and disburse the same, and generally to perform all the duties of secretary and treasurer; and, further, to render a detailed statement of the business of the company, at least once in twelve months, and oftener if it is desired by either member of the firm.

"Before any division of profits is made, interest shall be paid upon the capital invested at the rate of ten per cent. per annum. James Carlisle shall be paid for his services at the rate of seven hundred and fifty dollars per year; W. S. Magill shall be paid for his services at the rate of two hundred and fifty dollars per year, and William Tenbrook, for any labor he may perform, shall be paid two and $\frac{50}{100}$ dollars per day; after which any remaining profits shall be divided equally between the three parties. If losses shall occur, they shall be borne equally by them. This partnership shall continue for the period of one year from this date, at which time it may be extended by the unanimous consent of the parties."

This agreement was duly signed by the parties.

This action was brought by Carlisle, against the other

partners, to recover a balance alleged to be due him on the partnership transactions.

Issue; trial by jury; verdict and judgment for the plaintiff for one dollar.

A motion for a new trial was made by the plaintiff, and overruled by the court.

It appears that the business contemplated by the agreement was carried on by the partners in the manner provided for in the agreement, Tenbrook and Magill buying a lot on which to erect the machinery, taking the deed therefor in their own names, and furnishing the capital with which to erect the buildings and machinery, and to carry on the business generally, until the partnership was finally dissolved.

During the continuance of the partnership, however, a fire occurred, doing damage to the machinery and other property owned or used by the firm.

Upon the trial of the cause, the court gave to the jury the following instruction, to which the plaintiff excepted, viz.:

"The plaintiff, by the terms of the articles of copartnership, would be liable, in an accounting between himself and the defendants, for one-third of the loss that resulted to the machinery used in the mill."

The giving of this instruction is all the error complained of by the appellant.

We have seen that it was stipulated in the agreement between the parties, that, if losses should occur, they should be borne equally by the parties, and we are not able to see any good reason why the stipulation should not be held to apply to losses by fire, as well as to losses by bad debts, or otherwise.

But the counsel for the appellant urge, as we understand their brief, that the title to the property injured was in the defendants, and was not partnership property, and, therefore, that the loss thereto should not be regarded as

a loss within the meaning of the contract.   No authorities, however, are cited on the point.

The loss was a loss of so much of the capital invested by the defendants in the business, in pursuance of the terms of the contract, and we can not say, under the unqualified terms of the contract as to losses, that the parties did not thereby contemplate such losses.

We think no error was committed in giving the charge. The judgment below is affirmed, with costs.